107 F.3d 922
 323 U.S.App.D.C. 289
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
AMERITEL, Petitioner,
v.
FEDERAL COMMUNICATIONS COMMISSION, Respondent,
Telephone and Data Systems, Inc., et. et. Intervenors. (Two cases)
 No. 95-1575, 95-1576.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 30, 1996.
 
 Before WILLIAMS, SENTELLE and TATEL, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case involves a consolidated petition for review and appeal from an order issued by the Federal Communications Commission in a nonwireline cellular radio system license application proceeding under Title III of the Communications Act of 1934, as amended, 47 U.S.C. § 301, et. seq. (1988); see Ellis Thompson, 10 FCC Rcd 11434 (1995). This petition and appeal were considered on the record from the FCC, on the briefs submitted by counsel, and on oral argument. After full review, the Court is satisfied that appropriate disposition of the petition and appeal does not warrant an opinion. See D.C.Cir.Rule 36(b).
 
 
 2
 Accordingly it is,
 
 
 3
 ORDERED and ADJUDGED, by the Court, that the decision by the FCC is affirmed. Petitioner argues that it should have been permitted to intervene in a hearing on the qualifications of the winner of a lottery on the ground that it was the successor to the fifth-ranked applicant, a corporation called Ameritel, Inc. The proceedings below addressed the question of whether Ameritel had made a sufficient factual showing to qualify to intervene as a party-in-interest. We cannot reach that question, however, because Ameritel lacks standing as it fails to show that the relief sought has any chance of affording it any benefit. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). Although a lottery runner-up applicant might be awarded the license if all those ranked higher are disqualified, the Commission has stated that only in very few cases did it award the license to the second-ranked applicant. Even if we generously assume that a second-ranked applicant was awarded a license one in ten times, the odds that a fifth-ranked applicant would receive the license would (by extrapolation) be only one in 10,000. By analogy to government contract cases, in which we have held that a disappointed bidder must, in order to have standing, demonstrate that success in the lawsuit would afford it a substantial chance of receiving the contract, see e.g., Energy Transp. Group, Inc. v. Maritime Admin., 956 F.2d 1206, 1211 (D.C.Cir.1992), we find that Ameritel has not met its burden of demonstrating standing.
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely-filed petition for rehearing. See D.C.Cir.Rule 15.